FILED
SCRANTON
NOV 25 2019
per____ DEPUTY CLERK

United States District Court
for the
Middle District Of Pennsylvania

CHRISTIAN PEARSON
 Plaintiff,

v.

LIEUTENANT DUNKLEBERGER; USA, et.al,
 Defendant(s).

Civil ~~Criminal~~ Action No.

1:19-CV-2022

Motion Under 18 U.S.C.S. §1001, And
5 U.S.C. 552 a (i)(3)

Comes Now CHRISTIAN PEARSON pro sé, in his layman's capacity seeking the Honorable Court to "Move" in the above captioned motion. For the reasons set forth herein, infra., Petitioner avers his claims warrant the disposition of the Court in which to settle the dispute as to the violative acts committed by the Defendants.

## Introduction

Petitioner understands the real issue in this type of action is that the court knows how easy it is for an angry prisoner to call his accuser a "liar." Thereby making courts extremely suspicious of such claims and reluctant to get into these disputes. With this understanding in mind Petitioner avers that solid evidence in addition to his own say-so, will be provided by the Defendants, and through Petitioner's right to compel relevant evidence; e.g., video footage, and documents. Therefore, Petitioner is prepared to support his claim in response to a motion for summary judgment if filed by the Defendants.

1

JURISDICTION

18 U.S.C.S. §1001, covers statements or entries generally, and provides criminal prosecution for whoever violates the elements of the statute. Subjecting them to the jurisdiction of the court in which the violation occurred. §1001 states: (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully -- (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, ficticious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materielly false, ficticious, or fraudulent statement or entry.

SUMMARY OF ARGUMENT

This action concerns principle matters of falsity committed by an employee or employees which was made in regard to a matter within jurisdiction of the Department of Justice and its agency, the Federal Bureau of Prisons. Incident Reports are documents that apprise prisoners of violations that have been committed against F.B.O.P. regulations. See BP-A0288. As such, these documents contain material components in the disciplinary, and under such occasion, outside prosecution of a matter. In this case Petitioner avers that an F.B.O.P. lieutenant falsified statements knowingly and willingly, intending that it should bear an adverse affect in relation or purpose to source matter.

This false, fictitious, or fraudulent statement or entry was material in that it had an impact on a department or agency matter. Ebeling v. United States (1957, CAB Mo) 248 F.2d 429, cert. den. (1957) 355 U.S. 907, 2 L. Ed. 2d 261, 78 S. Ct. 334.

2

STATEMENT OF FACTS

Petitioner during his disciplinary hearing on 30 Sept. 2019 was involved in a verbal altercation with the hearing officer. As a result Petitioner was told he might be issued an Incident Report. Petitioner never physically received, nor was he served written notice of the charge against him. On October 4, 2019, the Unit Disciplinary Hearing Committee bound the Incident Report over to the DHO for disposition. During this proceeding Petitioner notified the committee member that he had not received prior written notice of the charge. The committee member, Counselor Neylon, then referenced his copy of the Incident Report that was signed by Lt. Dunkleberger on the 2nd of October 2019, at 16:50 p.m., stating he had delivered a copy of the report upon Petitioner, and that Petitioner made no statement as to the charge. Petitioner was told that his allegation held no weight in light of the Lt's statement that "he was served the report." Petitioner asked for a staff representative and that video footage be preserved to corroborate his allegation against staff. SHU Lt. Duran reviewed the footage and concluded that at no point did Lt. Dunkleberger serve written notice of the report upon Petitioner as claimed.

This information was relayed to the proper chains of command and an investigation ensued. During this time Petitioner spoke to C.O. Bomboy, during a SHU round (walkthrough). Bomboy acts in his other capacity as a DHO but, on this day he was in his primary capacity as a C.O. Petitioner explained to Bomboy his situation concerning the improper procedures. Shortly thereafter, Bomboy went and inquired as to Petitioner's allegation, then notified the Regional DHO of this dilemma. At this interval Petitioner spoke to SIA Prutzman (who was leading the investigation into Petitioner's allegation) during the October 24th SHU walkthrough. Prutzman told Petitioner the report was being expunged due to the fact that Petitioner had not been served within the appropriate time frame.

3

Prutzman, also stated that it was found that Dunkleberger had been untruthful in his report but, that further details of the investigation cannot be disclosed to the inmate. Petitioner started internal grievance procedures in accompaniment to this action. On October 30, 2019, Bomboy approached Petitioner stating that he was to provide Petitioner with a copy of the Incident Report, and that he knew at the time that Petitioner initially spoke to him that Petitioner was on the docket before him. Therefore, Bomboy in violation of not only Petitioner's due process rights but, a conflict of interest, knowingly and willfully requested to obtain the record concerning Petitioner under the false pretense that he initially spoke to Petitioner in his capacity as a DHO; in which to gain access to the report, so that he could circumvent Petitioner's allegation of a due process violation as to the disciplinary proceedings. This was a violation of Section 5 U.S.C. 552 a (i) (3).

### THE INVESTIGATING LIEUTENANT KNOWINGLY AND WILLINGLY SUPPLIED A FALSE STATEMENT THAT WAS MATERIAL TO PETITIONER'S DUE PROCESS RIGHTS CONCERNING DISCIPLINARY PROCEEDINGS

However marginal the process due to Petitioner concerning disciplinary procedures, that process is insufficient when it has been deliberately tainted by the introduction through federal action of false inculpatory evidence or statements. The introduction of a falsity in itself violates the "due process clause." The fact that Petitioner is not entitled to the full array of procedural protections as if at trial, does not extend to deprive him of his fundamental rights when he is subject to internal prison disciplinary proceedings. Therefore, Petitioner cannot be deprived of his fundamental right to not have federal officials make purposely false statements about him.

Here, Lieutenant Dunkleberger was to serve written notice of the charge against Petitioner, and apprise him of his rights.

4

These rights include the right to remain silent or to make a statement. Lt. Dunkleberger falsely documented on the BP-A0288 form that at 16:50 on October 2, 2019, that he served written notice of the charge upon Petitioner. He went on to supply a false statement that "Petitioner refused to make a statement." As mentioned, because Petitioner is not provided the full array of due process in a prison disciplinary setting, remaining silent can draw an adverse inference, in light of Baxter v. Palmigiano, 425 U.S. 308 (1976). Therefore, Lt. Dunkleberger's false statement that Petitioner provided no statement, could be used as a form of self incrimination, especially in Petitioner's case where he was being charge with "threats to a prison official."

As mentioned, supra., this clearly violates 18 U.S.C.S. § 1001 and/or 5 U.S.C. 552a(i)(3). Lt. Dunkleberger's actions satisfies the five elements necessary to sustain a conviction under the cited statute for which he is subject to prosecution.

### BOMBOY'S OBTAINING THE RECORD OF PETITIONER'S VALID ALLEGATION WAS COMMITTED UNDER FALSE PRETENSES IN ORDER TO CIRCUMVENT PETITIONER'S DUE PROCESS VIOLATION CLAIM

Bomboy's primary capacity is corrections supervisor of the recreation department. His secondary capacity is as a Substitute DHO. While making rounds in his primary capacity, Petitioner spoke with Bomboy about the due process violation. Bomboy was therefore apprised of Petitioner's defense to the charge (although technical in error). Unbeknownst to Petitioner, yet, known to Bomboy was that Petitioner was on his docket list to be heard at the time his conversation with Petitioner took place. Bomboy then went on to inquire (investigate) of Petitioner's claim under the false pretense that the conversation had taken place under his secondary capacity as DHO. Bomboy obtained the record of the investigation into Petitioner's allegation, and contacted the Regional DHO to find out how this dilemma could be circumvented. Bomboy's role as factfinder is suppose to be impartial, so he cannot then take on an investigatory role after being personally involved

5

through his prior conversation with Petitioner. Bomboy then tried to serve Petitioner with a written copy of the report after acquiring through "his" investigation that Petitioner's claim was valid. This was done a month later. Bomboy went on to preside over Petitioner's disciplinary hearing finding him guilty. Bomboy acted under false pretenses to obtain the false information concerning Petitioner in order to circumvent Petitioner's procedural error defense in violation of 5 U.S.C. 552 a(i)(3).

## Conclusion

For the foregoing reasons, the Defendants should be prosecuted for their violations of the Statutes captioned under this Motion, as these violations satisfy the elements of both 18 U.S.C.S. §1001 and or 5 U.S.C. 552 a(i)(3).

Respectfully,
/s/ Christian Pearson
CHRISTIAN PEARSON
11/12/19

## CERTIFICATE OF SERVICE

I, Declare under penalty of perjury that the foregoing action is accurate and true in account and was placed in the care of Prison Officials for mailing on 11/18/2019.

/s/ Christian Pearson

6

## AFFIDAVIT OF WITNESS

I, Antoine Mitchell Reg No 897-86-051 have been cell mate to the Petitioner since August 28, 2019. On the date and time in question October 2, 2019, 16:50 Lt. Dunkleberger did not serve a copy of the disciplinary charge on Petitioner as claimed. I was also privy to the conversational exchange between SHU Lt. Duran in which Lt. Duran stated that he had reviewed the video footage and that Petitioner allegations were true. On October 24th 2019, I was again privy to the Petitioner's conversation with SIA Prutzman, in which Prutzman told Petitioner the Incident Report was being expunged and not to worry about it. I was present throughout all other events that occurred, and will if necessary provide further statement or testimony if required under penalty of Perjury, in truthful corroboration of the claims made by petitioner.

      I swear under the penalty of Perjury that the statements contained herein are both true and accurate. Signed this 12th day of October 2019

                                        *Antoine Mitchell*

